FILED

2021 Nov-29  PM 01:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAULA P. JENKINS, as personal representative of the Estate of Foy G. Park, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:20-cv-483-GMB |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Plaintiff Paula P. Jenkins filed her original complaint before this court on April 10, 2020, asserting a claim under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*[1]  Jenkins brings her claim against Defendant Norfolk Southern Railway Company ("Norfolk Southern") on behalf of her father, who worked as an engineer for Norfolk Southern from 1975 to 1999. Doc. 1 at 2. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. Doc. 17.  Before the court is Norfolk Southern's motion for summary judgment (Doc. 33), which is fully briefed. Docs. 38 & 39.  For

---

[1] The complaint also invokes the Locomotive Inspection Act ("LIA"), 49 U.S.C. § 20701, but LIA does not create a private right of action and is better characterized as an amendment or supplement to FELA. *Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1283–84 (10th Cir. 2018).  The court therefore construes the complaint as stating one claim under FELA, as amended.

the following reasons, Norfolk Southern's motion for summary judgment is due to be granted, and all claims in this action are due to be dismissed with prejudice.

## I.  STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "The purpose of summary judgment is to separate real, genuine issues from those which are formal or pretended." *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute of material fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  In responding to a properly supported motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus.*

*Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Indeed, the nonmovant must "go beyond the pleadings" and submit admissible evidence demonstrating "specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted).  If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

When a district court considers a motion for summary judgment, it "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the nonmovant." *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (citation and internal quotation marks omitted).  The court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." *Allen v. Bd. of Pub. Ed. for Bibb County*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citation omitted). Importantly, if the nonmovant "fails to adduce evidence which would be sufficient . . . to support a jury finding for [the nonmovant], summary judgment may be granted." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370

(11th Cir. 1997) (citation omitted).

## II.  STATEMENT OF MATERIAL FACTS

Jenkins' father, Foy G. Park, worked as an engineer for Norfolk Southern in Montgomery, Alabama, and he died on February 15, 2016. Doc. 1 at 2; Doc. 38 at 24.  On February 8, 2019, Jenkins filed her FELA claim in the Pennsylvania Court of Common Pleas. Doc. 38 at 17.  Jenkins identified herself in the caption and first paragraph of her complaint as the personal representative of her father's estate, and she personally signed a verification swearing under penalty of perjury to the veracity of the complaint "as personal representative" of her father's estate. Doc. 38 at 15, 17 & 22.  Despite these representations, Jenkins had not been appointed as the personal representative of the estate when she filed the Pennsylvania complaint. Doc. 38 at 4–8.

Norfolk Southern filed an answer denying Jenkins' factual allegations, arguing that the Pennsylvania court was an improper venue, and challenging Jenkins' capacity to sue under FELA. Doc. 34 at 3.  The parties then negotiated and filed a Stipulation of Dismissal, which the court granted on January 15, 2020, thereby dismissing the Pennsylvania action without prejudice. Doc. 34-1 at 16.  The stipulation provided that Jenkins could refile her case in the appropriate Alabama

forum.[2] Doc. 34-1 at 16.  The stipulation stated,

> If Plaintiff's Complaint is refiled within ninety (90) days in the appropriate state or federal court where Foy G. Park worked in Alabama, then the filing date to be used for statute of limitations purposes in Alabama will be February 8, 2019 which is the date Plaintiff's Complaint was originally filed in Philadelphia . . . .

Doc. 34-1 at 16.

Less than 90 days later, on April 10, 2020, Jenkins filed her FELA claim in the Northern District of Alabama. Doc. 1.  Jenkins again characterized herself as the personal representative of her father's estate. Doc. 1 at 5.  On September 2, 2020, Norfolk Southern filed its answer alleging, among other defenses, that Jenkins "lacks standing and/or capacity to pursue this matter." Doc. 9 at 7.

On November 25, 2020, Jenkins petitioned the Montgomery County Probate Court for Letters of Administration establishing her father's estate and appointing her as the personal representative of the estate. Doc. 34-1 at 75.  The court appointed Jenkins as the personal representative of the estate on November 30, 2020. Doc. 34-1 at 25 & 75.

---

[2] Venue is proper in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).  Here, the complaint alleges that Jenkins' father worked in Montgomery, Alabama, which sits within the Middle District of Alabama, and it does not establish that a substantial part of the events giving rise to suit occurred in the Northern District of Alabama.  Norfolk Southern nevertheless did not object to venue in its responsive pleading, and thus waived any right to challenge venue under Federal Rule of Civil Procedure 12(b)(3).

5

### III.  DISCUSSION

Norfolk Southern contends that it is due summary judgment because Jenkins did not have the capacity to sue on behalf of her father's estate when she filed this action and did not gain the capacity to sue until November 30, 2020, well after the expiration of the statute of limitations. Doc. 38 at 2 & 4.  Jenkins argues in response that her appointment as personal representative relates back to the date of her original pleading under Federal Rules of Civil Procedure 15 and 17.  For the reasons to follow, the court finds that Norfolk Southern's motion for summary judgment is due to be granted.

Standing is a jurisdictional prerequisite.  Article III of the United States Constitution empowers the federal courts to decide only "Cases" and "Controversies." U.S. Const., Art. III, § 1.  One of the "landmarks, setting apart the "Cases" and "Controversies" that are of the justiciable sort referred to in Article III . . . is the doctrine of standing." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted).  The party asserting a claim bears the burden of proving her standing to do so, *id.*, and the "focus of the standing inquiry is 'whether the plaintiff is the proper party to bring this suit.'" *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 981 (11th Cir. 2005) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

FELA is designed to hold railroad common carriers liable to their employees for injuries suffered during their employment. 45 U.S.C. § 51.  To effectuate this

6

intent, FELA grants standing to both an employee and "in case of the death of such employee" to her "personal representative."[3] 45 U.S.C. § 51. Personal representative status thus is a condition precedent to filing a valid FELA claim to recover on behalf of a decedent. *Lang v. Tex. & Pac. Ry. Co.*, 624 F.2d 1275, 1277 (5th Cir. 1980) (holding that only a personal representative has standing to sue under FELA).[4]

The parties do not dispute that Jenkins filed this action before her appointment as the personal representative of her father's estate. In fact, she did not even begin the formal process of seeking this appointment until more than seven months after she filed this lawsuit. The court therefore finds that Jenkins did not have standing to bring her FELA claim when she filed suit in this court. *See id.* The court also finds that the statute of limitations for Jenkins' FELA claim ran on February 15, 2019, the three-year anniversary of Jenkins' father's death. 45 U.S.C. § 56; *Riley v.*

---

[3] Jenkins' claim that the FELA statutory scheme is deferential to plaintiffs does not negate FELA's express requirement for lawful capacity to sue. While Congress may have created FELA in an effort to acknowledge the daily risks facing railroad employees, the personal representative requirement ensures that all beneficiaries have access to any damages resulting from the litigation while insulating railroad companies from successive lawsuits. *Lang*, 624 F.2d at 1277. This court will not endorse Jenkins' attempt to read the personal representative requirement out of the FELA statute. Jenkins also contends that Norfolk Southern waived its objection to her lack of standing. Doc. 38 at 2. But Norfolk Southern objected to Jenkins' capacity to sue in both its Pennsylvania answer and its answer in this court. Doc. 39 at 24; Doc. 9 at 7. Norfolk Southern thus has adequately preserved its objection to Jenkins' standing. *See* Fed. R. Civ. P. 12(b); *Erie Indem. Co. v. Coal Op. Cas. Co.*, 272 A.2d 465, 467 (1971) ("The issue of incapacity to sue is waived unless it is specifically raised in the form of a preliminary objection or in the answer to the complaint.").

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit rendered before October 1, 1981.

*So. Transp. Co.*, 90 F. Supp. 842, 844 (1950) (finding that the three-year limitations period for a FELA claim begins to accrue at the time of the decedent's death). However, as excerpted above, the Pennsylvania stipulation included a tolling provision allowing Jenkins to refile her suit in an appropriate Alabama court within 90 days of the dismissal of the Pennsylvania action. Doc. 34-1 at 16. The stipulation did not otherwise provide for the tolling of the limitations period.

To avoid the limitations bar, Jenkins claims that her November 2020 appointment as personal representative relates back to the April 2020 filing of her complaint under Federal Rules of Civil Procedure 15 and 17. She acknowledges that all civil actions must be brought in the name of the real party in interest under Federal Rule of Civil Procedure 17(a)(1), but she relies on Rule 17(a)(3)'s admonition that dismissal for "failure to prosecute in the name of the real party in  interest" should not occur until "a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Jenkins also notes that Rule 15(c)(1) allows for an amended pleading to relate back to the date of the original pleading when the claims arise out of the same "conduct, transaction, or occurrence." In Jenkins' estimation, these rules combine to mean either (1) that her "formalized" appointment in November 2020 already relates back to her April 2020 filing, or (2) that the court should allow her to amend her complaint to "more specifically plead the capacity to sue that . . . will relate back to the original date of

filing." Doc. 38 at 5.

This is not the first time a court within the Northern District of Alabama has considered a relation-back argument like the one Jenkins presents here. *See Warren v. Ala. Dept. of Transp.*, 2013 WL 5442110, *1 (N.D. Ala. 2013). In that case, the complaint had been filed on behalf of "the Estate of Ronnie Warren" even though there was no administrator for the estate at that time. *Id*. at *3. After the statute of limitations ran, Warren's daughter applied to the probate court to be appointed as the administrator of his estate. *Id.* She later received the appointment. *Id.* In adopting the Magistrate Judge's report and recommendation, the district court noted that the Magistrate Judge

> relied on Alabama Code § 43-2-833(c) for the proposition that "only the decedent's personal representative has specific authority to file and prosecute lawsuits on behalf of a decedent's estate." That is, a claim survives only in favor of the decedent's personal representative, and no one else. Here, an administrator was not appointed to administer the estate until February 18, 2011. No efforts were made to appoint an administrator ad litem within the period of the statute of limitations.

*Id.* at *1. Under these circumstances, the court found that "although the Estate purports to have filed suit, that entity did not exist at the time the suit was filed. In fact, the Estate could not bring the suit, as it was not a legal entity capable of bringing suit." *Id.* at *1 (citing *In re Eldridge*, 348 B.R. 834 (Bkr. N.D. Ala. 2006)). The court therefore refused to allow Warren's daughter to substitute herself as plaintiff in the action, concluding that the "bottom line is this: substitution and relation back

concepts are not relevant to a suit that was a nullity in the first place." *Id.* at \*2.

A number of Alabama state-court opinions confirm the wisdom of this decision.  For example, in *Pollard v. H.C. Partnership*, 309 So. 3d 1189, 1194–99 (Ala. 2021), the Alabama Supreme Court addressed whether a plaintiff's post-complaint appointment as personal representative of the decedent's estate could relate back to filing of the original complaint in a wrongful death action.  Like Jenkins, the *Pollard* plaintiff filed her complaint before her appointment as personal representative. *Id.* at 1191.  However, unlike Jenkins, the *Pollard* plaintiff obtained her appointment before the statute of limitations expired. *Id.*  The Alabama Supreme Court found this timing to be the critical distinction controlling whether the appointment could relate back. *See id.* at 1199 (contrasting *Alvarado v. Kidd*, 205 So. 3d 1188 (Ala. 2016), and *Northstar Anesthesia of Ala., LLC v. Noble*, 215 So. 3d 1044 (Ala. 2016), both of which "involved the appointments of personal representatives <u>after</u> the limitations period had expired," with *Ellis v. Hilburn*, 688 So. 2d 236 (Ala. 1997), "which involved the appointment of a personal representative before the limitations period expired"); *see also Sanders v. Martin*, 662 So. 2d 241, 243 (Ala. 1995) (holding that a negligence complaint could not relate back because the administrator of the decedent's estate was not appointed until after the statutory limitations period ran).  Because Jenkins was not appointed until after the statute of limitations expired, her appointment cannot relate back under

Alabama law.

Jenkins relies on *Missouri, Kansas, and Texas Railway Company v. Wulf*, 226 U.S. 570 (1913), for the general proposition that a plaintiff should be permitted to amend her pleadings to cure a standing defect. Doc. 38 at 6.  But *Wulf* does not create such a wide safety net.  In *Wulf*, 226 U.S. at 136, the plaintiff filed a Kansas wrongful death suit as the "sole heir, next of kin, and beneficiary" of her son's estate, and she alleged that there "is no administration pending . . . and that none is necessary."  In answering the complaint, the defendant notified the plaintiff that her claims arose out of FELA, not Kansas law, and on the same day the plaintiff amended her complaint to allege that she had been appointed temporary administratrix of her son's estate. *Id.* at 573.  The defendant argued that the original complaint failed to state a cause of action "because she sued in her individual capacity, and based her right of recovery upon the Kansas statute, whereas her action could legally rest only upon [FELA], which requires the action to be brought in the name of the personal representative of the deceased." *Id.* at 575.  The Supreme Court rejected the defendant's reliance on the plaintiff's pleading errors and found the amendment to be a "change . . . in form rather than in substance" that related back to the filing of the original complaint. *Id.* at 576.

The *Wulf* plaintiff's inadvertent pleading deficiencies are categorically different from Jenkins' affirmative misrepresentations to this court and the

11

Pennsylvania Court of Common Pleas.  The *Wulf* opinion reflects the plaintiff's good faith, albeit mistaken, belief that she could file suit individually under Kansas law. And it notes her efforts to cure this deficiency and amend her complaint once the defendant notified her of FELA's personal representative requirement.  Jenkins' misrepresentations about her representative status, on the other hand, cannot be viewed as a mistake.  Jenkins' decision to characterize herself as the personal representative of her father's estate in both the Pennsylvania and Alabama complaints suggests her knowledge that this status was essential to her standing. Moreover, Jenkins' counsel's law firm—Bern Cappelli, LLC—has a history of filing cases in a similar posture.  In fact, the court has reviewed filings in at least three prior FELA matters in which lawyers affiliated with this firm have mischaracterized a plaintiff as a personal representative. *See Clarkson v. Penn. Cent. Corp.*, 2019 WL 6620580, at *1 (Pa. Comm. Pl.) (citations omitted) ("No action had been taken prior to the run-date to formalize Ms. Clarkson's self-described position as 'Personal Representative of the Estate.'"); *Edgett v. Union Pac. Ry. Co.*, 2019 WL 2996437 (D. Neb. 2019) ("The caption and the allegation of representation was then, and remains, untrue.  The information of record establishes that Karen Edgett did not file an application to be appointed as an administrator of decedent's estate until May 9, 2019, over eight months after this lawsuit was filed."); *Reynolds v. Union Pac. Ry.*

*Co.*, 2019 WL 2995955, at *1 (D. Neb. 2019) (same).[5]  The record thus establishes that Jenkins' counsel knew or should have known of the need to obtain her appointment as personal representative before filing suit on her behalf.  Their years-long delay in obtaining the appointment underscores the contrast between Jenkins and the *Wulf* plaintiff.  For all of these reasons, the court finds that Jenkins' appointment as personal representative does not relate back to the filing of the complaint, and therefore Jenkins' claims are time-barred.

## IV.  CONCLUSION

Based on the above, Norfolk Southern's Motion for Summary Judgment (Doc. 33) is due to be granted and all claims in this action are due to be dismissed with prejudice.[6]  A separate final judgment will be entered.

DONE and ORDERED on November 29, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

---

[5] This court does not routinely impose sanctions *sua sponte* for violations of Federal Rule of Civil Procedure 11(b).

[6] Because Jenkins' claims would be untimely even if amended or refiled, dismissal with prejudice is appropriate. *E.g.*, *Bruce v. U.S. Bank Nat'l Ass'n*, 770 F. App'x 960, 967 (11th Cir. 2019).